**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000585
02-FEB-2016
08:27 AM**

NO. CAAP-15-0000585

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PAUL KAUKA CULLEN, aka PAUL KAUKA NAKI,
Plaintiff-Appellant,
v.
RICHARD PERREIRA and GWENDOLYN H. PERREIRA,
Defendants-Appellees

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(DC-CIVIL NO. 13-1-0122)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over this appeal by Plaintiff-Appellant Paul Kauka Cullen, also known as Paul Kauka Naki (Appellant Cullen), pro se, from an oral decision by the Honorable Adrianne N. Heely that appears to be reflected in the July 28, 2015 district court minutes, because the district court has not yet entered an appealable final written order or written judgment on the remaining substantive issues in Appellant Cullen's January 14, 2013 civil complaint for summary possession and money damages in District Court Civil No. 13-1-0122.

Appellant Cullen is appealing pursuant to Hawaii

Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2015).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. . . . A final order means an order ending the proceeding, leaving nothing further to be accomplished. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The separate judgment document rule under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994), is

> not applicable to district court cases. Consequently, an order that fully disposes of an action in the district court may be final and appealable without the entry of judgment on a separate document, as long as the appealed order ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated.

Casumpang v. ILWU, Local 142, 91 Hawai'i at 427, 984 P.2d at 1253 (emphases added).

Although the district court entered a judgment for possession on February 20, 2013, the district court has apparently not yet adjudicated the remaining substantive issues regarding whether Appellant Cullen is entitled to an award of money damages. Rule 4(a)(5) of the Hawai'i Rules of Appellate Procedure provides that "[a] judgment or order is entered when it is filed in the office of the clerk of the court." Consequently, a district court's "oral decision is not an appealable order." KNG Corp. v. Kim, 107 Hawai'i 73, 77, 110 P.3d 397, 401 (2005). Although the court minutes might reflect a trial court's oral announcement of a ruling, "a minute order is not an appealable

order." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added). "In civil cases before the district court, the filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry." KNG Corp. v. Kim, 107 Hawai'i at 77, 110 P.3d at 401 (citation, internal quotation marks, and brackets omitted).

On October 19, 2015, the district court clerk filed the record on appeal for appellate court case number CAAP-15-0000585, at which time the record on appeal did not contain any written order or written judgment that adjudicates the remaining substantive issues from Appellant Cullen's January 14, 2013 complaint. Absent the entry of an appealable written final order or written final judgment that finally determines the remaining substantive issues in this case, Appellant Cullen's appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000585 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 2, 2016.

Presiding Judge

Associate Judge

Associate Judge

-3-